IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTHONY JONATHAN BYAM**, <br><br>            Plaintiff, <br><br>    v. <br><br> **SRCI SUPERINTENDENT B. CAIN; C/O BARBA; C/O MARTINEZ; LT. WILLIAM KING; HEARINGS OFFICER CAPPS; C/O M. MARINES; and OTHER UNKNOWN EMPLOYEES**, <br><br>            Defendants. | Case No. 2:18-cv-1030-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Anthony J. Byam ("Byam"), representing himself, brings this action under 42 U.S.C. § 1983, alleging that Defendants—all employees of the Oregon Department of Corrections ("ODOC")—violated Byam's constitutional rights. Defendants have moved for summary judgment against all claims. For the reasons that follow, Defendants' motion is granted in part and denied in part.

### BACKGROUND

As his first claim, Byam alleges that on November 10, 2017, an ODOC extraction team used excessive force in removing him from his cell. Byam had covered his cell window with

paper, seeking to speak with a high-ranking officer after Defendant Barba allegedly refused to give Byam dinner. Byam states in a sworn declaration that when the ODOC officers came to extract him from his cell, he did not resist and instead placed his hands on his head, faced the back wall of his cell, and began to kneel, but that officers "tased [him], tackled [him] to the ground and repetitively smashed [his] head in the cement causing multiple contusions and lacerations." ECF 42. Byam also submitted photographs of his purported injuries, and the Court has reviewed video footage of Byam being extracted from his cell. Byam adds that just before he was extracted, officers played musical recordings over the intercom, including "Eye of the Tiger," which is the theme-song from the movie *Rocky*. Byam asserts that the ODOC officers did this to "goad" Byam into acting impulsively.

As his second claim, Byam alleges that Defendant Capps denied Byam his due process rights by denying Byam's requests for an investigation and to call witnesses at Byam's disciplinary hearing related to the cell extraction. As his third claim, Byam alleges that Defendant Barba escorted Byam to his cell while Byam was only wearing his underwear. As a remedy for these three claims, Byam seeks "release, monetary judgment, and actions taken to prevent similar future events."[1]

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine

---

[1] Defendants argue that the Court should dismiss Byam's claims for injunctive relief because the relief that Byam requested is impermissible under the Prison Litigation Reform Act ("PLRA"). Under the PLRA, courts "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn . . ." 18 U.S.C. § 3626(a)(1)(A). Defendants argue that Byam's claim for "release" and "actions taken to prevent similar events" do not meet this requirement. The Court agrees and dismisses Byam's claims for injunctive relief.

dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### A. Claim One: Excessive Use of Force

Defendants argue that there is no genuine issue of material fact as to whether any member of the cell extraction team used excessive force against Byam and that Defendant Martinez lacks sufficient personal involvement in the alleged incident. Inmates maintain an Eighth Amendment right to be free of cruel and unusual punishment while in prison, but "force does not amount to a constitutional violation in this respect if it is applied in a good faith effort to restore discipline and order not 'maliciously and sadistically for the very purpose of causing harm.'" *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The standard has both objective and subjective elements. Objectively, the alleged wrongdoing must be "harmful enough to establish a constitutional violation." *Hudson v. McMilian*, 503 U.S. 1, 8 (1992). Subjectively, prison officials must act "with a sufficiently culpable state of mind" *id.,* but an "express intent to inflict unnecessary pain is not required." *Whitley*, 475 U.S. at 319 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In order to determine whether a particular use of force evinces the wanton infliction of pain, "we consider the objective need for force, the relationship between any such need and the amount of force actually used, the threat reasonably perceived by the correctional officer, whether the officer took efforts to temper the severity of his response, and the extent of the inmate's injury." *Marquez v. Gutierrez*, 322 F.3d 689, 692 (9th Cir. 2003).

The Court finds that there is a genuine issue of material fact as to whether the force used by members of the ODOC extraction team against Byam was applied maliciously and sadistically to cause harm rather than in a good-faith effort to maintain and restore discipline. The Court has carefully reviewed the video evidence of the extraction submitted by Defendants, and finds there are also genuine issues of material fact as to whether there was an objective need

for force, the relationship between any such need and the amount of force actually used, the threat reasonably perceived by the correctional officers, whether the officers took efforts to temper the severity of the response, and the extent of the Byam's injury. *Marquez*, 322 F.3d at 692. At approximately minute 2:16 of the video submitted by Defendants, the extraction team begins to open Byam's cell door. Byam can be seen immediately lying down on the ground, face down, with his feet towards the door. After Byam lies down, a member of the extraction team shoots Byam with a taser.[2] Byam can be heard screaming, and Sergeant King asserts in his declaration that Officer Lindberg then deployed his electronic shield against Byam "momentarily to gain compliance." Sergeant King asserts in his declaration that Officer Houston then deployed a secondary taser against Byam. At minute 3:35, the extraction team can be seen escorting Byam out of his cell after they had fully restrained him. At minute 4:20-40, Byam can be heard saying "I just wanted to talk to somebody. . . . I think you broke my nose." At minute 7:10, visible bruises can be seen on Byam's face.

The Court finds that this evidence is sufficient to show a genuine dispute of material fact as to the objective need for force, the relationship between any such need and the amount of force actually used, the threat reasonably perceived by any correctional officer, whether any officer took efforts to temper the severity of his response, and the extent of Byam's injury. The video evidence indicates that Byam was lying face down before any force was used. Byam's injuries are visible on video. The Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Viewed in that light, there is a genuine dispute as to whether the force used amounts to a constitutional violation.

---

[2] Sergeant King asserts in his declaration that the first taser was deployed by Sergeant Kautz. ECF 34.

Nor are Defendants entitled to qualified immunity. Ninth Circuit precedent clearly establishes that using a taser in dart mode against an individual who does not pose an "immediate threat to the safety of the officers or others" is a constitutional violation. *Bryan v. MacPherson*, 630 F.3d 805, 827 (9th Cir. 2010). The Court in *Bryan* also noted that the Defendant in that case, like Byam here, "was not even facing [the officer who deployed the taser] when he was shot." *Id.* The Ninth Circuit has also established that there is a constitutional violation when a taser is used in drive-stun mode rather than dart mode. *See Mattos v. Agarano*, 661 F.3d 433, 443 (9th Cir. 2011). In *Mattos*, the Court noted that "[a]t most, the officers may have found [the tased individual] uncooperative and her agitated behavior to be potentially threatening" and that such circumstances were not appropriate for the use of the taser. *Id.* at 444. The Court noted the "overwhelmingly salient factor" that the individual was tased three times over the course of less than one minute, and held that "tasings in such rapid succession provided no time for [the tased individual] to recover from the extreme pain she experienced, gather herself, and reconsider her refusal to comply." *Id.* at 445.

In this case, Byam was tased twice within approximately one minute, an electronic shield was deployed against him, and Byam declares that his face was "smashed into the concrete." This level of force, used while Byam was lying face down, and Byam's declaration that ODOC played music in an attempt to provoke him also raises a genuine dispute over whether such force was employed maliciously. Both *Mattos* and *Bryan* held that there were constitutional violations in comparable circumstances when only a taser was deployed, and therefore the members of the extraction team are not entitled to qualified immunity.

Defendants also contend that the only defendant that Byam alleged personally participated in the cell extraction was Martinez, and that Martinez was not working at SRCI on

the day of Byam's extraction. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant."). Defendants acknowledge in their reply, however, that Byam misspelled the name of the proper Defendant in his complaint, as indicated by the fact that Byam asserts in his declaration that it was in fact "C/O Marines" that used excessive force against him in the extraction. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court therefore construes Byam's declaration as a motion for leave to replace Defendant Martinez with Defendant M. Marines and grants that motion. Byam is also granted leave to substitute any of the officers who were part of the extraction team (such as Sergeant Kautz, Officer Lindberg, or Officer Houston) with the "Other Unknown Employee" currently listed in the case caption, if Byam wishes to do so.

**B.  Claim Two: Due Process**

Byam alleges that Defendant Capps, a Hearings Officer, violated Byam's due process rights by denying Byam's request for an investigation and to call witnesses at Byam's disciplinary hearing relating to the cell extraction. Byam was charged with ODOC Rule 2.10 (Disrespect I) and Rule 4.01 (Disobedience of an Order I), and Byam formally denied both charges. On November 17, 2017, Capps conducted Byam's disciplinary review hearing. Byam admitted to his failure to comply with direct order. ECF 38. ("Uh, what do you mean, ah, taking the articles down? I still did not comply, yes.").

Capps then denied Byam's request for inmate witnesses, stating:

> MR CAPPS: . . . I'm not going to grant your request for witnesses because your own explanation tells me that you didn't comply with orders, but you had a reason, that was your reason, you gave a reason why you chose not to, but having those witnesses tell me, they're not going to be able to provide a defense.

ECF 38. At the conclusion of the hearing, Capps found Byam in violation of both Rule 2.10 (Disrespect I) and Rule 4.01 (Disobedience of an Order I) violation but sanctioned Byam only for the Rule 4.01 (Disobedience of an Order) violation.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To comply with due process requirements during inmate disciplinary proceedings, prison officials must provide an inmate with: (1) written notice of the charges; (2) some time following the notice to prepare a defense; (3) a written decision by the fact-finder; (4) the opportunity to call witnesses and present documentary evidence in his defense when consistent with institutional safety and correctional goals; and (5) assistance from staff or other inmates if the inmate is illiterate or if the case is extremely complex. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974).

An inmate has a right to call witnesses at a disciplinary hearing to "marshal the facts and present a defense." *Wolff*, 418 U.S. at 564. But "there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Piggie v. Cotton*, 344 F.3d 674, 677 (9th Cir. 2003). The inmate's interest in presenting witnesses must be weighed against "the needs of the prison, and some amount of flexibility and accommodation is required." *Wollf*, 418 U.S. at 566. The Court finds that there is uncontroverted evidence that Byam admitted his failure to comply with a direct order, and this was the one violation for which Byam was sanctioned. Calling witnesses would have been irrelevant or unnecessary, as Capps expressly informed Byam. There was, therefore, no violation of Byam's due process rights, and Defendants' motion for summary judgment is granted with respect to Byam's second claim.

**C. Claim Three: Substantive Due Process and Cruel and Unusual Punishment**

Byam's third claim is that Officer Barba violated Byam's substantive due process rights under the Fifth Amendment and subjected Byam to cruel and unusual punishment in violation of

the Eighth Amendment. Byam alleges that after Officer Barba conducted a routine strip search for contraband, Barba escorted Byam from the shower back to Byam's cell while Byam was only wearing his underwear.

The Supreme Court holds that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Eighth Amendment prohibits "cruel and unusual punishments," and, therefore, "places restraints on prison officials." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Thus, Byam's third claim arises under the Eighth Amendment.

To establish an Eighth Amendment violation under Section 1983, a prisoner must satisfy "both the objective and subjective components of a two-part test." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)). First, the plaintiff must show that the jail official deprived him of the "minimal civilized measure of life's necessities." *Id*. (quotations and citation omitted). Second, he must demonstrate that the jail official "acted with deliberate indifference in doing so." *Id*. (quotations and citation omitted).

Defendants acknowledge that prisoners have "a right to privacy in their naked body." *Ioane v. Hodges*, 903 F.3d 929, 934 (9th Cir. 2018). Defendants argue, however, that they are entitled to qualified immunity because this rule has never been extended to staff or inmates viewing male prisoners in their underwear. The doctrine of "[q]ualified immunity 'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sjurset v. Button*, 810 F.3d 609, 614 (9th Cir. 2015). In determining whether qualified

immunity applies, courts "must determine whether: (1) the facts adduced constitute the violation of a constitutional right; and (2) the constitutional right was clearly established at the time of the alleged violation." *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016).

In deciding if a constitutional right was clearly established "at the relevant time, the key question is whether the defendants should have known that their specific actions were unconstitutional given the specific facts under review." *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). In other words, the "right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id*.

The Court has found no precedent that clearly establishes that Barba should have known that the specific action of escorting a male inmate from the showers to his cell while the inmate wears only underwear is a constitutional violation. Officer Barba is therefore entitled to qualified immunity from Byam's third claim.

## CONCLUSION

Defendants' motion for summary judgment (ECF 33) is GRANTED with respect to Byam's first claim to the extent that Byam seeks injunctive relief and with respect to Byam's second and third claims in full. Defendants' motion for summary judgment is DENIED with respect to Byam's first claim to the extent that Byam seeks money damages.

**IT IS SO ORDERED.**

DATED this 12th day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge